All right, it appears we're ready to proceed in Appeal 1456 from 2007, Dominant Semiconductor v. Osram. Mr. Wright, good morning to you. Please proceed. Good morning, Your Honor. May it please the Court, my name is Robert Wright and I'm here on behalf of Dominant. It is clearly the law that if a patentee who does not perform a valid, reasonable infringement analysis, consisting of claim interpretation and product comparison, files a patent infringement lawsuit, that patentee will be held liable for having made objectively baseless patent infringement allegations. What case holds that? Chief Pharma, Your Honor. What we said in Globe-Trotter is that the bad faith inquiry has a subjective element and an objective element. It has to be baseless. And it said that we're adopting the professional real estate test. Yes, sir. And professional real estate makes clear, does it not, that the objective test, that is the baselessness test, has to do with how the litigation turns out, not what they knew at the beginning of the litigation. That part of the test has to do with the way the litigation turns out. No. Excuse me. Is that wrong? Yes, Your Honor. I believe that's absolutely backwards. The professional real estate standard that was adopted by this court in the Globe-Trotter case in 2004 does have the two elements to it. And the Supreme Court, in the professional real estate case, said the objective element is whether any reasonable litigant could expect success on the merits. Yes, but not based on the information that was available at the outset of the suit, but based on the information as it turned out later. If you look at footnote 5 on page 60 of professional real estate, doesn't that make it very clear that that's the case? I believe what the Supreme Court— Do you have professional real estate there? Do you have the case? I do have the opinion, Your Honor. And I'm familiar with the footnote. And I believe what the Supreme Court is saying in that case is to beware of not basing a determination on later results, the outcome of the case. The last sentence says, if you have it, you're going to need it. The last sentence of that footnote says, a court must remember that even when the law and the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing a suit. So that would seem to be making clear that what the situation is at the outset isn't the test for baselessness. The court says a winning lawsuit is by definition a reasonable effort, a petitioning for redress and therefore not a sham. On the other hand— So even that sentence is suggesting that if you win, it doesn't make any difference that you had no support for your lawsuit at the beginning, doesn't it? No, Your Honor. I believe, as I've said, that the Supreme Court here is cautioning against looking at the final outcome and rather directing attention toward whether a reasonable litigant could expect success on the merits. The professional real estate case is an antitrust case, obviously, as the court is well aware. But doesn't that first sentence that you just rely on say, if you win the lawsuit, you were reasonable even if you had no ground for the lawsuit to begin with? Your Honor, it's an inquiry that is directed to the initiation of the case. The only way that you can apply professional real estate to determine whether there's sham litigation is to see whether at the time the case was initiated, is it to redress government activity? Is it a concerted action? Is it an antitrust violation? Is it a sham? So what's the evidence in this case that this was objectively unreasonable? The fact that there is not any evidence of an infringement analysis prior to the making of marketplace infringement allegations. It seems to me what you're doing there is you're blurring the distinction between objective reasonableness and reckless disregard, which if I'm reading this GP Industries case, which was just decided a few months ago by this court, correctly, basically saying that the reckless disregard part is part of the subjective part of the test, not part of the objective part of the test. What you're basically saying is that, well, they didn't go look carefully enough. They disregarded the truth. And that's the evidence that it's objectively unreasonable. But I think GP Industries is basically saying that that's the subjective, the second part of the test. I'm familiar with the GP case, Your Honor. And I do agree with you that the MECON language, the MECON language is the or the disregard of either. In the GP case, and we went back all the way to the briefs in that case and included them in our appendix so that the court would have the benefit of the full record in the case. In the GP case, which I would point out was an injunction case, that this court vacated a preliminary injunction against communications to the marketplace. The same kind of injunction you wanted to get. We didn't ask for an injunction in this case, Your Honor. This case is up on summary judgment. But in the GP case, the court very explicitly, this court very explicitly said, we're following the professional real estate standard. It has an objective element. There must be a determination that the patentee was bringing infringement allegations on the basis of information under which no reasonable litigant could expect success on the merits. And the standard is objective baselessness. That is the standard. That same standard is applied very, very consistently by this court in the context of Rule 11 procedures. Again, the same concept of the law. But what case has ever said that Rule 11 and professional real estate are the same test? I mean, you're correct that you may be liable for Rule 11 sanctions if you bring a lawsuit without any basis. But professional real estate adopts this two-part test, subjective and objective. And objective is, does it turn out to have a basis? At the end of the day, does it have a basis? That's what professional real estate makes clear. That's what GP makes clear. No? Well, Your Honor, Globetrotter, professional real estate, and GP are entirely consistent in that they all apply the objectively baseless standard. Clearly, there are two elements to that standard, as the court has pointed out, an objective element and a subjective element. The Globetrotter case turned on the fact that all of the evidence in that case, it was another summary judgment case, and it turned on the fact that all of the evidence in the case was merely of subjective intent. We submit that in this case, the summary judgment record undisputed as to the existence of subjective bad faith. The question in this case is, what does objective baselessness mean? And I believe the Q Pharma case is very instructive on that point. In Q Pharma, this court expressly said, again, in the Rule 11 context, applying the standard of objective baselessness, which is the same standard that applies here. Objective baselessness is… What court has ever said that? Have we ever said that the Rule 11 standard and the objective baselessness standard of professional real estate are the same? Yes, in Q Pharma, that's exactly what this court said. This court in Q Pharma was applying the Ninth Circuit standard under CollegeNet, was applying the Ninth Circuit standard for what Rule 11 violations mean. In the Ninth Circuit, Rule 11 is judged based on the objective baselessness standard. Of professional real estate investors? No, objective baselessness standard, Your Honor. I submit to the court… Yeah, but it's a different standard under Rule 11. Objective baselessness is determined as the information is available when a lawsuit is filed. Rule 11 has a different purpose than professional real estate. Professional real estate in the baselessness inquiry is looking to the way things turned out. Which case has said that those two standards are the same? It's the same standard. It's like talking about… Which cases? Is there a case that has said the standards are the same? Your Honor, that's why we're here. I've said this is a case of first impression. We're asking the court to apply the term, the legal term, objective baselessness, in a consistent and clear manner. That's what this court talked about in the Zenith case, another case involving the interaction between the Lanham Act on the one hand and the Patent Act on the other. Let's say the standards are the same. Are you aware of any case where somebody's had Rule 11 sanctions awarded against them when they won the case? No, I'm not. I mean, that's what you've got here, right? The other side had won the case at some point in another forum that they were supposedly improperly threatening to bring. So really, if you want to carry out your Rule 11 analogy, the proper analogy would be where's the case where somebody's had Rule 11 sanctions awarded against them when they ended up winning? Well, Your Honor, we don't agree that the ITC case or the outcome of that case in any way sheds any light on whether the infringement allegations that were made in 2001, 2002, and 2003 before OSRAM performed an infringement analysis were objectively baseless or not. In fact, the summary judgment record certainly does not support any conclusion that anything that happened at the ITC even relates to the products that were being accused in 2003. This case presents for the court, again, a question of the interaction between the Patent Act on the one hand and the Lanham Act on the other. There are six cases that have been decided up to this point where that interaction is in some way impacted. Three of the cases were injunction cases. In each case, this court vacated the injunctions. Those are Mallin-Prodt, Mekong, and the recent case of GP. The fourth case was before this court. It's the Zenith case. It was before this court procedurally on a 12b6 motion, just a pleading issue. Did you state a cause of action? The two summary judgment cases are Globetrotter and Golub. Neither one of those cases addressed the issue that is before the court today. That is, do you have to have an infringement analysis before you make marketplace infringement allegations? The standard that this court has chosen to adopt is the objectively baseless standard. It is defined in the professional real estate case as no reasonable litigant could expect success on the merits of a lawsuit. Obviously, as Q Pharma points out, which this court decided— Isn't it true that under your theory that someone could win the lawsuit and still have liability for bringing a baseless lawsuit in the first place? That's true, and that's exactly the situation under the Rule 11 cases. And we believe—and I know I've already addressed for the court the issue of footnote 5 from the professional real estate case, which we read to say, be careful. Don't make it a final outcome determinative consideration. Consider what they knew at the beginning of the case. That's exactly what happens in Rule 11 cases. View engineering. This court said, don't come to us with evidence of what you learned after the fact. And, Your Honor, we submit that the outcomes of the ITC case, under the summary judgment record in this case, which is before the court for a de novo review, there is no evidence of an infringement analysis. No claim construction. There is no product testing. There are mere allegations of infringement that are not supported by what this court says is required in order to show that the allegations were not objectively baseless. Excuse me. Do you want to receive the remaining rebuttal time? Yes, I would like to say that. All right. We'll hear from Mr. Smith. Good morning, Your Honors. May it please the court, I'm Alan Smith representing Osborne in this case. Do you agree that the letter of counsel here has absolutely nothing to do with the objective test? I'm sorry, Mr. Do you agree that the letter of counsel here is irrelevant to the objective baselessness issue? Yes, Your Honor. The statements here, and Dominic gets it wrong, the statements are Osram statements, not the opinion statements. And Osram, in a 2003 letter, stated there is potential infringement that is exactly correct and ended up being proven true. And so we believe, as the court has just suggested— As to some of the claims, not all of them. That's right, Your Honor. But it does suggest that the totality of the statement is not objectively baseless. It's Dominic's burden to prove by clear and convincing evidence that Osram's statements were objectively baseless. We start off first with the presumption that this court stated in Golan that patentees are entitled to advise others of their patent rights, and that it's presumed that those statements are made in good faith. And then we go ahead and we look at what actually happened. What happened in trial, the result of trial, and even what happened during trial, which is that Dominic conceded six of the patents were infringed. Dominic filed a summary judgment motion on all ten patents in the case claiming no infringement, and the judge said it's a close enough issue that we go to trial. That is excellent objective evidence. And then subsequent to Judge Fogle reaching his decision, ultimately Osram won on all of the claims, all of the products that were in the case at the time of filing, which are the same products that were implicated by the 2003 email that Osram sent. And so when we look at this from an objective standard, Osram in 2003 said there's potential infringement. Potential certainly was accurate, but more than that has been proven that there's actual infringement. Osram said we have the potential to stop the infringement. That's the natural result of a patent. The rest of the statements will contact us if you have any questions, just innocuous types of statements. So every one of those statements that Osram made has turned out to be true. Truth is a complete defense. Well, that's not entirely accurate because to the extent that they were saying that some of the claims were infringed, we don't know the answer to that because they weren't involved in the MTC proceeding. Your Honor, that's a fair response. In fact, the opinion referred to patents in other countries also. But what we look at is we look at the totality of the statement. Potential infringement by itself, of course, there's potential infringement. You almost don't need to go further. Well, but I would have thought your point was that they haven't in any event with respect to these other patents and these other claims brought forward any evidence that they were objectively baseless. Yes, Your Honor, that's exactly right. First, I wanted to point out that not only are they not objectively baseless, they've been proven to be correct. Secondly, it is a dominance burden. This Court has stated again and again in Globe Trotter and Golan and in GP it's a dominance burden to prove by clear and convincing evidence that Osram's statements are not objectively baseless. They have no evidence. They say again and again and criticize the opinion. Well, this is not a Rule 11 case. The standards are different in Rule 11. This is not a willful infringement opinion. The standards are different in those cases. This is a case of protected speech under NOR, professional real estate, in the cases that this Court has decided. And so as a result, we start off with a presumption that the statements are fair and in good faith. And then it becomes a dominance burden to prove by clear and convincing evidence that they are objectively baseless. And there is absolutely no evidence in the record that they are objectively baseless. They criticize Mr. Shatner's opinion. They make assumptions of speculation. They say he did not do any testing. The opinion doesn't say one way or another whether he did any testing. There is just a total absence of evidence in the record. And so if we look at Osram's statement that this potential infringement What does whether he did testing or not have to do with objective baselessness? It doesn't have anything to do with it. I agree, Your Honor. I was just addressing the point that Dominant made during its argument. So if we stick with just the objective standard, because if we went on objectiveness, all of their state law causes of actions are preempted, and Osram and the decision from the District Court should be affirmed. There is no evidence in this record that shows by clear and convincing evidence that Osram's statements were objectively baseless. The fact that an opinion was attached is actually evidence of good faith. Not of objective baselessness. Not that it doesn't support anything to do with the objective standard. It may relate to the subjective standard, but it has nothing to do, does it, with respect to the objective inquiry. Well, Your Honor, in Golan this Court did say that it does negate a finding of bad faith. So when you look at Osram's statements Yeah, it negates a bad faith finding with respect to the subjective prong, not with respect to the objective prong. Yes, Your Honor. Yes, Your Honor, that's correct. Anything further? Your Honor, if this Court doesn't have anything further, I'd just like to suggest one last point, which is that there's been a number of cases on this area of law. This is not a case of first impression. There's sufficient guidance from Globetrotter, Golan, GP that was just decided recently, the Supreme Court cases of Knorr and the others that established this law on precedent. And so I would suggest that this case is the type of case that is appropriate for Rule 36, a judgment of affirmance without opinion. There's no need for this Court to issue more law on this point. It is not a case of first impression. Thank you. Mr. Wright. Thank you, Your Honor. Going back to professional real estate, and I do need to say that it is the movement who has the burden of production. If there's no evidence of objective bad faith, they have not met their burden of negating it. The Supreme Court in footnote 5 in the professional real estate case said, on the other hand, when the antitrust defendant has lost the underlying litigation, a court must resist the understandable temptation to engage in post hoc reasoning by concluding that an ultimately unsuccessful action must have been unreasonable or without foundation. The court must remember that even when the law or the facts appear questionable or unfavorable at the outset, the party may have an entirely reasonable ground for bringing suit. You look at that at the time the lawsuit is filed, and you can bring a reasonable lawsuit or have a reasonable expectation of success for a lawsuit that you end up losing. That's exactly what the Supreme Court is talking about here. Not that you look after the fact and look back and say, you didn't have any reasonable basis when you filed this case, but through discovery you discovered your way into a lawsuit. It's the exact opposite of that. The Supreme Court cautions, don't take the fact that they lose the case to mean that they didn't have a reasonable basis. Look at what they do when they file their lawsuit to see if they did, and in the patent area, that requires a patent infringement analysis including claim construction and product comparison for which there is no evidence in this case. Thank you, Your Honor. Thank you both. The case is submitted. All rise. The Honorable Court is adjourned until this afternoon at 2 o'clock.